BUTLER v. BROADWAY SAVINGS INSTITUTION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 28, 1916.)

BANKS AND BANKING ⊖⟞301—SAVINGS BANKS—PAYMENT OF DRAFT.

 A by-law of a savings bank that the bank shall be open for business daily from 10 a. m. to 3 p. m. does not render illegal the payment of a draft without the fixed hours.

 [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1164, 1166–1168, 1172–1176; Dec. Dig. ⊖⟞301.]

Submission of controversy on an agreed statement of facts by Augusta Butler against the Broadway Savings Institution of the City of New York. Judgment directed for defendant.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS and RICH, JJ.

Louis W. Dinkelspiel, of New York City (R. M. S. Putnam, of New York City, with him on the brief), for plaintiff.

Richard Kelly, of New York City, for defendant.

PER CURIAM. The plaintiff, through one Gibbs, was induced to buy mining stock of Pratt, the president of a mining company. It was represented to her that the stock was worth more than she was paying for it and that it would pay dividends within four months. In payment of the stock she gave Pratt a draft on her savings bank, the defendant herein. It was her custom to draw drafts on her account with the defendant in payment of her obligations, and for that purpose she left her passbook at defendant's office. Pratt presented the draft for payment at the bank at 9:30 on the morning following the sale of the stock. The bank honored the draft, and, as was its custom, entered the amount in plaintiff's passbook. Plaintiff, meantime repenting of her bargain, went to the bank on the same morning for the purpose of intercepting payment. When she arrived there, at 9:40, she was informed the draft had been paid.

The bank was accustomed to open at 9 a. m. and to pay similar drafts before 10 a. m., although it had a by-law which provided that "the bank shall be open for business daily from 10 o'clock a. m. to 3 o'clock p. m." The plaintiff did not know of the bank's custom to open at 9 o'clock. She relies upon the by-law, and claims that the act of the bank in paying the draft before 10 o'clock was illegal. The parties have submitted the question in controversy for the purpose of determining their respective rights.

The bank claims that the payment was valid. If that contention is sound, this controversy is settled in its favor. We have not been supplied with a precedent, and we have been unable to find one. The rule quoted does not expressly prohibit the payment of a draft without the fixed hours. The rule is merely a regulation for the convenience of the bank. There is no evidence that in its terms it was designed to afford special protection to the depositors.

Judgment directed for the defendant, with costs.